IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| David Wayne Allen, #140470, ) | Civil Action No.: 8:08-600-HFF-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | **of Magistrate Judge** |
| Associate Warden Mr. Cartlidge, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

The plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the plaintiff's motions for a preliminary injunction. [Doc. 4, 59.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on February 22, 2008, alleging a claim for civil rights violations. Thereafter, he filed this motion for a preliminary injunction in which he indicates his fear of being medically treated by the defendants and expresses his desire to be seen by an outside neurologist at the defendants' expense. (Mot. Prelim. Inj. at 1.)

To obtain a preliminary injunction, a court must consider: (1) the plaintiff's irreparable injury if the interim relief is denied, (2) injury to the defendants if an injunction is issued, (3) the plaintiff's likelihood of success on the merits, and (4) the public interest. *Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997). "[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Federal Leasing, Inc. v. Underwriters at Lloyd's,* 650 F.2d 495, 499 (4th Cir. 1981).

"[A]bsent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons . . . ." *Taylor v. Freeman*, 34 F.3d 266, 268 (4th Cir. 1994). Further "[t]he harm demonstrated by the plaintiff must be neither remote nor speculative, but actual and imminent." *Manning*, 119 F.3d at 263 (internal quotation marks omitted).

Here, the plaintiff cannot demonstrate that he will suffer irreparable harm if his motion is denied. The plaintiff has not explained or demonstrated either why is fear of SCDC treatment is justified or why the expense of an outside neurologist is warranted. There is literally no allegation as to the basis for the request. Moreover, as the plaintiff concedes, he suffered the injuries for which he now complains in February 2005. [Doc. 4 at 2.] That fact alone, particularly in the absence of any other explanation, tends to diminish what the plaintiff would otherwise characterize as an exigent set of circumstances. The plaintiff has failed to demonstrate that there is any likelihood of future harm, much less that such harm is actual and imminent. Moreover, he has made no effort to demonstrate a likelihood of success on the merits of his claim, as required. *See Manning*, 119 F.3d at 263.

Wherefore, based on the foregoing, it is RECOMMENDED that the plaintiff's motions for a preliminary injunction [Doc. 4, 59] be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 12, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).