IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| David Wayne Allen, #140170, ) | Civil Action No.: 8:08-600-HFF-BHH |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Associate Warden Mr. Cartlidge, ) *et al.*, ) | |
| Defendants. ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on defendant Powell's, Rushton's, Deckron's, and Ozmint's motion to dismiss [Doc. 26], as well as defendant Scates's motion to dismiss [Doc. 50].

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(f), D.S.C., this magistrate judge is authorized to review all pretrial proceedings in prisoner petitions which do not challenge prison conditions, conditions of confinement, or any other form of custody.

**STANDARD OF REVIEW**

The purpose of a motion to dismiss is to test the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Dismissal of a claim under Rule 12(b)(6) is appropriate only where, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 244.

**DISCUSSION**

**I.     Rule 8 Requirements**

The defendants first contend that the plaintiff's Complaint fails to state any claim against them, as required by Rule 8 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. Although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by the plaintiff that he has a valid claim of some type against the defendant. *Midgal v. Rowe Price-Fleming International, Inc.*, 248 F.3d 321, 326 (4th Cir.2001).

The Court is wary to recommend any dismissals in this case based on a failure to conform to the requirements of Rule 8. First, the plaintiff's Complaint is substantially thorough. It cannot be characterized in any respect as conclusory. It is 24 pages of significant detail and allegation. Second, the plaintiff initially was unaware of the names of many of the defendants. Some of those initially unknown defendants have now been named and served. Accordingly, without more evidence, it is difficult to determine which allegations concern which defendants. For example, the plaintiff has responded that Unknown Defendant Number 4 is Defendant Skates. [Doc. 71.] Also, it appears that Defendant Powell was previously identified as Unknown Defendant Number 3. The Complaint absolutely contains allegations against these defendants. (See, e.g., Compl. at 4-5.) Moreover, it is assumed, at this juncture, that the plaintiff intends some supervisory liability claim against defendants Rushton and Ozmint. To the extent any or all of these defendants were uninvolved in the events alleged, as the defendants contend, such facts can easily be renewed and established on summary judgment. The Court, however, declines to recommend dismissal for insufficiency of the allegations in the Complaint itself.

It must be liberally construed and, the plaintiff, has not been cursory in his attempts to either identify the defendants or the facts. That is not to say that the Complaint or record is either clear or pretty. Admittedly, there is substantial confusion created by the documents filed. Out of an abundance of caution, however, the Court declines to recommend dismissal for any failure to comply with Rule 8(a)(2).

## II.     Statute of Limitations: Section 1983 Claim

The defendants next contend that the plaintiff's 42 U.S.C. § 1983 claim is barred by the applicable statute of limitations. In his Complaint, the plaintiff alleges that his federal constitutional rights were violated on February 17, 2005, when the defendants rendered improper medical care after he was injured by another inmate. This lawsuit, however, was not filed until more than three years later, on February 22, 2008. [Doc. 1.] The defendants argue, therefore, that the Complaint is out of time.

The Fourth Circuit has held that "[t]he raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005); *see also Noonan v. Stock Building Supply, Inc.*, 2007 WL 1447709 (D.S.C. 2007). The applicable statute of limitations for the plaintiff's federal constitutional claim is three years. In determining the proper statute of limitations in a Section 1983 claim, the United States Supreme Court has found that the federal court should adopt the state law statute of limitations for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). Under South Carolina law, the statute of limitations for a personal injury claim is three years. *See* S.C. Code Ann. § 15-3-530(5). Consequently, it has been held that "[t]he statute of limitations for section 1983 causes of action arising in South Carolina is three years." *Hamilton v. Middleton*, 2003 WL 23851098,

at *4 (D.S.C. 2003); *see also Simmons v. South Carolina State Ports Authority*, 694 F.2d 63, 64 (4th Cir. 1982) (under previous statute).

As stated, the defendants submit that the plaintiff's Section 1983 claim is barred by the statute of limitations because it arose more than three years prior to February 22, 2008, when the Complaint was filed. From the face of the Complaint it is clear that the plaintiff knew or should have known of the alleged loss on or about February 17, 2005. As a result, the three year statute of limitations would have expired roughly five days before the Complaint was filed.

To the Court, however, it appears that the time for filing his Section 1983 claim was tolled, while he exhausted his administrative remedies. Although it does not appear that the Fourth Circuit has addressed the issue, other circuits have concluded that federal courts should toll state statutes of limitations while inmates exhaust their administrative remedies under 42 U.S.C. § 1997e. *See, e.g., Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir.2000); *Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir.1999). Currently, it appears that this district agrees, based on application of state tolling requirements. *See Peoples v. South Carolina Dept. of Corrections*, 2008 WL 4442583 (D.S.C. September 25, 2008). Accordingly, the undersigned will consider the three-year statute of limitations as having been tolled during the pendency of any attempts by the plaintiff to exhaust his administrative remedies.

The period of any such pendency is not, however, fully apparent from the face of the Complaint. The plaintiff's Complaint indicates that the plaintiff filed a grievance on February 28, 2005. (Compl. at 2.) The Complaint further avers that the plaintiff, as of the time of filing the Complaint, had not received any final determination of that grievance. As far as the Court can tell, the defendant has not produced any evidence or made any argument as

4

to when the plaintiff's grievance was resolved. Thus, the Court believes that issues of fact remain as to the tolling of the statute of limitations, such that it is likely that the plaintiff's case was timely filed.

The defendants also argue that any state law claims would be barred by the applicable two-year statute of limitations. The defendant, however, has stated that he has not pled any state law claims. [Doc. 71 at 2.]

## **CONCLUSION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motions to dismiss [Doc. 26, 50] should be DENIED.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

February 2, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).