IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| David Wayne Allen, #140170, | ) | Civil Action No.: 8:08-600-HFF-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Associate Warden Mr. Cartlidge, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on defendant David Lovice's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(5). [Doc. 51.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(f), D.S.C., this magistrate judge is authorized to review all pretrial proceedings in prisoner petitions which do not challenge prison conditions, conditions of confinement, or any other form of custody.

**DISCUSSION**

Defendant Dr. David Lovice has moved to dismiss the Complaint as against him because he has never been served with the Summons and Complaint in this action. Under Rule 4(c)(1) of the Federal Rules of Civil Procedure, "[a] Summons must be served with a copy of the complaint" on each of the Defendants. Fed. R. Civ. P. 4(c)(1). "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Complaint in this case was filed on February 22, 2008. To date, there is no evidence that defendant Lovice has ever been served.

The Court notified the plaintiff on June 19, 2008 that he had "failed to provide a summons and Form USM-285 for defendant Lovice." [Doc. 15.] The clerk of court was directed not to authorize the issuance and service of process as to Lovice. *Id*. Notwithstanding, it does not appear that the plaintiff ever cured such deficiencies or ever served defendant Lovice with a summons and complaint. No proof of service has ever been filed. Moreover, in his response to the motion to dismiss, the plaintiff does not contend that he has, in fact, served Lovice. Instead he claims that Lovice can "be now served through his legal and authorized representative." [Doc. 58.]

In this regard, the plaintiff is mistaken. As stated, service has not been authorized by the Court. Moreover, as the defendant Lovice contends, "unless service is waived, proof of service must be made" in accordance with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(l). Dr. Lovice has not waived service of process, and he represents that the Law Firm of McKay, Cauthen, Settana & Stubley is not authorized to accept service on his behalf. Thus, service of process must be made directly on him in accordance with Rule 4. Even to the extent the plaintiff were permitted to serve Dr. Lovice's attorney, there is no evidence that he ever has or has ever attempted to do so. The plaintiff has never requested an extension of time to serve defendant Lovice and has not otherwise shown any good cause for his failure to serve him. *See* Fed. R. Civ. P. 4(m).

Because there is no dispute that the plaintiff has failed serve defendant Lovice within 120 days of filing of the Complaint in accordance with the Federal Rules of Civil Procedure, all claims against Dr. Lovice should be dismissed without prejudice.

## **CONCLUSION**

Wherefore, based upon the foregoing, it is recommended that the defendant's motion to dismiss [Doc. 51] should be GRANTED and that the action should be dismissed as against Dr. David Lovice *without prejudice*.

    IT IS SO RECOMMENDED.

                                s/Bruce H. Hendricks
                                United States Magistrate Judge

February 3, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).