

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| DAVID WAYNE ALLEN, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 8:08-600-HFF-BHH |
| § | |
| ASSOCIATE WARDEN MR. CARTRIDGE § | |
| et al., § | |
| Defendants. § | |

## AMENDED ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's motions for a preliminary injunction [Doc. 4, 59] be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 12, 2009, but Plaintiff failed to file any objections to the Report, even after having been given a generous extension of time in which to do so. In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Nevertheless, in the interest of justice, and an abundance of caution, the Court has made a de novo review of the record pursuant to *Black welder Furniture Co. V. Seling Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977) to satisfy itself whether the issuance of a preliminary injunction is proper. In doing so, it has conducted the hardship balancing test set forth in *Blackwelder*. As observed by the Magistrate Judge, however, "[Plaintiff cannot demonstrate that he will suffer irreparable harm if his motion is denied. (Report 2.) Thus, the issuance of an injunction would be inappropriate.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that Plaintiff's motions for a preliminary injunction [Doc. 4, 59] be **DENIED**.

**IT IS SO ORDERED**.

Signed this 23rd day of March, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.