

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

DAVID WAYNE ALLEN,              §
                Plaintiff,      §
                                §
vs.                             §    CIVIL ACTION NO. 8:08-600-HFF-BHH
                                §
ASSOCIATE WARDEN MR. CARTRIDGE  §
et al.,                         §
                Defendants.     §

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter

is before the Court for review of the Report and Recommendation (Report) of the United States

Magistrate Judge suggesting that Defendants' motion for summary judgment [Doc. 101] and

Defendant Scates' motion for summary judgment [106] should be granted.[*] In the alternative, as to

Defendants' motion, the Magistrate Judge recommends that the motion be granted in part, with

prejudice, as to all claims except those against Defendant Hawkins and Defendant Sumner for their

alleged treatment of Plaintiff in the hospital, as described in the Report. As to those claims, the

Magistrate Judge urges that the motion should be denied. The Report was made in accordance with

28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has

no presumptive weight. The responsibility to make a final determination remains with the Court.

---

[*] "Defendants" shall refer to all defendants, except Defendant Scates and Defendant
Lovice. Defendant Lovice has already been dismissed from this suit.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 11, 2010, and the Clerk of Court entered Plaintiff's objections on March 1, 2010. Defendants filed a reply to the objections on March 4, 2010.

Having carefully considered the objections, the Court finds them to be without merit. Simply stated, Plaintiff failed to exhaust his administrative remedies before he filed this suit. Such failure is fatal to his federal claims against Defendants.

When a motion for summary judgment is properly made and supported, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). Here, although Defendants' motion for summary judgment was properly made and supported on the issue of exhaustion, Plaintiff has failed to set forth any specific facts showing that there is a genuine issue of material fact.

To be more specific, Defendants presented to the Court an affidavit detailing the Grievance Forms that they say they have received from Plaintiff. They also provided to the Court copies of those Grievance Forms. The only one that they attest concerns the allegations contained in Plaintiff's Complaint was returned unprocessed to Plaintiff on or about April 28, 2005. The reason given for not having processed the Grievance Form was because of Plaintiff's failure to state that he had attempted an informal resolution of the grievance and for his failure to sign and date the Form.

From the Court's review of the record, however, it appears that Plaintiff did in fact sign the form, albeit not in the place provided on the form to do so. Nevertheless, it is true that Plaintiff failed to either date the form or to set forth any efforts he made informally to resolve his grievances. Plaintiff was given five days to resubmit the Form. Defendants aver that he failed to do so. Plaintiff never maintains otherwise.

Instead, Plaintiff argues that he submitted other Grievances Forms related to this Complaint to prison staff. But, according to Plaintiff, those Grievance Forms were never processed, are now missing and he has no copies of them. Plaintiff fails, however, to provide any numbers of the Grievance Forms or any of the specifics contained in the purported Grievance Forms. In commenting on the lack of his evidence, even Plaintiff "concedes that there should be more . . . to substantiate his assertion." (Objections 8.) The Court agrees.

Plaintiff's bald conclusory allegations that he gave the required grievances to staff, without more, are an insufficient basis on which to survive the granting of summary judgment. His bare assertions that he followed up, without more, are equally uncompelling. To find otherwise would permit an inmate, this one and all others, to circumvent the exhaustion requirement merely by making unsupported allegations of purported acts of neglect and obstruction by prison officials of the administrative process. This the Court will not allow.

Perhaps most importantly, however, Plaintiff admits that he failed to pursue an informal resolution to his grievances before filing the Grievance Forms pertinent to this suit. (Report 7-8 ("There was no way this could be resolved [i]nformally. . . . There would be no [i]nformal [r]esolution of [t]his issue.").) With this admission, Plaintiff necessarily agrees that he failed to exhaust his administrative remedies in that the Grievance Policy requires that inmates attempt informally to resolve matters such as this before filing a Grievance Form. (Holmes Affd. ¶¶ 15, 17.) Consequently, the Court will enter judgment for Defendants on the exhaustion issue.

Regarding Defendant Scates' motion for summary judgment, the Court notes that in reviewing the record, it examined Plaintiff's arguments, but finds them to be unconvincing. As observed by the Magistrate Judge, even assuming that Defendant Scates did in fact treat Plaintiff, "there is no evidence from which a reasonable jury could find [Defendant Scates] indifferent, deliberately or otherwise, as the law would define that term." (Report 14.) Therefore, the Court will dismiss the federal claims against Defendant Scates with prejudice.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of the Court that Defendants' motion for summary judgment is **GRANTED** to the extent that the federal claims are **DISMISSED** without prejudice for Plaintiff's failure to exhaust his administrative remedies, and Defendant Scates' motion for summary judgment is **GRANTED** to the extent that the federal claims are **DISMISSED** on the merits with prejudice.

In the event that Plaintiff has raised any state claims in the Complaint, those claims are **DISMISSED** without prejudice so that Plaintiff can pursue them in state court if he wishes to do so.

In light of the foregoing, all remaining motions are hereby rendered **MOOT**.

**IT IS SO ORDERED**.

Signed this 29th day of March, 2010, in Spartanburg, South Carolina.

/s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.